UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. P., <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. C13-2218-MJP <br><br> ORDER DENYING MOTION TO AMEND THE CAPTION |

This matter comes before the Court on Defendant's motion to amend the caption. (Dkt. No. 6.) Having reviewed the motion, the response, the reply, and all related papers, the Court DENIES the motion.

**Background**

This case involves allegations of sexual propositioning and assault by a middle school teacher against one of his students. The alleged events took place on Seattle School District property. Plaintiff, now an adult, sues the Seattle School District asserting claims for negligence, negligent infliction of emotional distress, and violation of Title IV, 20 U.S.C. §168. The caption of her complaint only uses her initials "R.P."

ORDER DENYING MOTION TO AMEND THE
CAPTION- 1

1  Defendant moves to amend the caption to use Plaintiff's full name, arguing it is required
2  under Federal Rule of Civil Procedure 10(a) and Local Rule 5.2.  Plaintiff urges the Court to
3  deny the motion on the grounds she was a child victim of sexual assault and public policy
4  considerations warrant shielding her name.  (Dkt. No. 8 at 2.)  She does not request the Court
5  seal any of the filings or otherwise bar the public's access to this case.

**Discussion**

7  The Ninth Circuit permits the use of pseudonyms in unusual cases where concealing a
8  party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal
9  embarrassment." United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); Does I thru XXII
10 v. Advanced Textile, 214 F.3d 1058, 1068 (9th Cir. 2000).  The use of pseudonyms is reserved
11 for the rare cases because of two reasons.  One, the requirements of Federal Rule of Civil
12 Procedure 10(a), which mandates that all names of the parties be included in a complaint.  Two,
13 the public and the parties have the common law right to know the identity of the parties in a
14 judicial proceeding.  A district court has discretion in deciding whether to permit a party to
15 proceed anonymously." Advanced Textile, 214 F.3d at 1067, 1068.

16 Courts must employ a balancing test in determining whether plaintiff should be allowed
17 to use a pseudonym or initials. Specifically, "a party may preserve his or her anonymity in
18 judicial proceedings in special circumstances when the party's need for anonymity outweighs
19 prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at
20 1068.

21 Plaintiff's allegations of sexual assault weigh in favor of using of her initials in the
22 caption. See Doe v. Blue Cross & Blue Shield United of Wisc., 112 F.3d 869, 872 (7th Cir.
23 1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims,

ORDER DENYING MOTION TO AMEND THE
CAPTION- 2

1 and other particularly vulnerable parties or witnesses"). Additionally, "the public generally has a
2 strong interest in protecting the identities of sexual assault victims so that other victims will not
3 be deterred from reporting such crimes." Doe v. Penzato, 2011 WL 1833007 (N.D.Cal. May 3,
4 2011); see also Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

5      Defendant glosses over Plaintiffs' alleged sexual assault, arguing she is not entitled to
6 privacy under Local Rule 5.2 because she is now an adult. (Dkt. No. 6.) In doing so, Defendant
7 ignores the clear public policy considerations at play here. Suing for alleged sexual violence
8 experienced as a child does not automatically strip Plaintiff of privacy protections courts
9 regularly provide such victims. Moreover, Defendant identifies no prejudice it would face if the
10 caption contained Plaintiff's initials. This is especially true when Defendant knows Plaintiff's
11 true identify (as evidenced by the repeated use of her name in the moving papers) and all other
12 filings in this case are available for public review.

13      The Court DENIES the motion.

## Conclusion

15      Because public policy considerations weigh in favor allowing Plaintiff to proceed under
16 her initials, the Court DENIES Defendant's motion to amend the caption. The clerk is directed
17 to seal Defendant's moving papers and reply (Dkt. Nos. 6, 11) because they use Plaintiff's full
18 name. Within seven (7) days of this Order, Defendant shall file redacted versions of these two
19 documents, removing Plaintiff's full name.

20      The clerk is ordered to provide copies of this order to all counsel.

21      Dated this 18th day of February, 2014.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

*Marsha J. Pechman*
Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION TO AMEND THE
CAPTION- 4