UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. P.,<br><br>    Plaintiff,<br><br>  v.<br><br>SEATTLE SCHOOL DISTRICT,<br><br>    Defendant. | CASE NO. C13-2218 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant Seattle School District's Motion for Partial Summary Judgment on Plaintiff R.P.'s Title IX claim. (Dkt. No. 16.) Having reviewed the motion and all related papers, the Court DENIES the motion.

**Background**

This motion is part of a suit brought by Plaintiff R.P., a former Seattle School District student, alleging violation of Title IX, 20 U.S.C. § 1681(a), negligence, and negligent infliction of emotional distress. (Dkt. No. 2-1.) The case was originally filed in King County Superior Court, and was removed to this Court on federal question grounds. (Dkt. No. 1.)

1    Plaintiff's suit is based on alleged sexual harassment and assault by teacher David Wysen
2    while Plaintiff was a student in his computer class during her sixth grade year at Eckstein Middle
3    School. (Dkt. No. 16 at 1-3.) Plaintiff alleges that Wysen made inappropriate comments, stared
4    inappropriately at her in class, and engaged in inappropriate physical touching that made her feel
5    both uncomfortable and threatened. (Dkt. No. 18 at 1- 7.) Plaintiff reported Wysen's conduct
6    and her discomfort to school administrators, who engaged in what Plaintiff alleges was a cursory
7    and inadequate investigation. (Id.) Finding no evidence of misconduct, Eckstein's principal did
8    not remove Plaintiff from the class and took no other remedial action, which Plaintiff alleges
9    allowed the harassment and assaults to continue. (Id.)
10   Plaintiff alleges that the resulting hostile environment prevented her from fully
11   participating in her educational programming, and constitutes unlawful discrimination on the
12   basis of sex. Arguing that there is insufficient evidence to prove actual knowledge of sexual
13   harassment or assault or to prove deliberate indifference in the face of known harassment or
14   assault, Defendant Seattle School District now moves for summary judgment on Plaintiff's
15   federal claim, violation of Title IX. (Dkt. No. 16.)
16                                   **Discussion**
17       I.      Legal Standards
18              A.      Summary Judgment
19   Summary judgment is proper where "the movant shows that there is no genuine issue as
20   to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
21   56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue
22   of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In assessing whether a party has met
23
24

its burden, the underlying evidence must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### B. Title IX

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

There are four elements that must be satisfied in order to impose liability upon a school district for Title IX harassment. First, the district must be found to exercise "substantial control over both the harasser and the context in which the harassment occurs." Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 739 (9th Cir. 2000) (citing Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629 (1999)). Second, the plaintiff must suffer "sexual harassment…that is so severe, pervasive, and objectively offensive that it can be said to deprive [them] of access to the educational opportunities or benefits provided by the school." Id. Third, it must be shown that the district had "actual knowledge" of the harassment, meaning that an official who "at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [district's] behalf has actual knowledge of the discrimination." Id. Lastly, it must be shown that "deliberate indifference" by the district subjected the student to the harassment. Id.

### II. Title IX Violation

Defendant argues that Plaintiff has failed to submit sufficient evidence that the Seattle School District had actual knowledge or notice of sexual harassment for which its response evidences deliberate indifference or which resulted in Plaintiff being subjected to harassment, and therefore it is entitled to judgment as a matter of law. (Dkt. No. 16 at 6.)

A. Actual Knowledge

A school district may be liable for damages where the "the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge." Davis, 526 U.S. at 642. The actual knowledge element requires that an official "who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination." Reese, 208 F.3d at 739 (quoting Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998)). A teacher's sexual harassment or abuse of a student constitutes discrimination on the basis of sex under Title IX. Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. 60, 75 (1992).

Viewing the evidence in the light most favorable to the non-moving party, Defendant had actual notice of the sexual harassment and assault of Plaintiff by Wysen, consisting of inappropriate comments, staring, and touching. Plaintiff testified during her deposition that, during the first week of January 2005, she reported to her counselor, Ms. Chaffin, that she was being harassed and assaulted by Wysen. (Dkt. No. 20 at 18-25.) Plaintiff reported that Wysen made inappropriate comments to her, such as telling her she had "a really nice, athletic body," that she "seemed mature for her age," and that he'd like to get to know her better. (Id.) Plaintiff reported feeling watched by Wysen during class, and reported that she had begun borrowing a sweatshirt from a friend so as to be more covered up during his class. (Id.) Plaintiff reported that Wysen leaned over her while she sat at her computer, with his chest touching her body and his arms on either side of her, leaving her feeling "pinned" to the computer. (Id.)

Ms. Chaffin testified during her deposition that she immediately brought Plaintiff's complaint to Principal Campbell because she believed the complaint to be serious and to be

about conduct sexual in nature. (Dkt. No. 20 at 72.) Plaintiff testified that during her initial meeting with Principal Campbell, Plaintiff reiterated that she felt uncomfortable and threatened by Wysen's comments and actions, and expanded on her complaints about his physical touching. (Id. at 23, 33-35.) Plaintiff told Campbell that Wysen had pinned her against a wall, with his body touching hers, "crotch area to crotch area." (Id. at 34.) Principal Campbell was a district official with authority to address the alleged discrimination and institute corrective measures. (Id. at 82-87.)

That Plaintiff reported physical touching to school administrators is supported by the testimony of David Wysen. Wysen testified that when he was called to Principal Campbell's office in January 2005 in response to Plaintiff's complaints, Principal Campbell asked him whether he had been making inappropriate comments to two students, whether he had been touching those students, and whether he has been giving gifts of jewelry to those students. (Dkt. No. 20 at 93.)

Defendant argues it did not have actual knowledge of physical touching, but rather only of inappropriate comments and staring that made R.P. feel uncomfortable. (Dkt No. 16 at 10.) Defendant argues that Plaintiff's complaints were vague, reported only subjective discomfort, and could not have provided the district with notice of the type of harassment and assault now alleged because "at no time did R.P. hint or suggest that Mr. Wysen was engaging in the sort of physical encounters" now alleged. (Id. at 10-11.)

In making these arguments, Defendant grossly misrepresents the record. Plaintiff testified repeatedly that she had reported physical touching to Principal Campbell in January 2005, (Dkt. No. 20 at 28, 34, 38, 46), testimony buoyed by Wysen's testimony that he recalled being asked by Principal Campbell whether he had touched Plaintiff. (Id. at 93.) Defendant

inexplicably overlooks this testimony and skews the record, arguing that "R.P.'s <u>own admissions</u> that she only reported feeling "uncomfortable" and <u>did not</u> report any inappropriate physical contact or any of a sexual nature, defeats any assertion of actual notice or that the District acted deliberately indifferent in the face of that notice." (Dkt. No. 21 at 7) (emphasis in original).[1] Viewing the evidence in the light most favorable to the non-moving party, Defendant has not met its burden of demonstrating that there is no genuine issue of fact regarding the district's notice of the harassment and assault now alleged.

B. Deliberate Indifference

A school district's response to actual knowledge of sexual harassment constitutes deliberate indifference where the response or lack thereof "is clearly unreasonable in light of the known circumstances." <u>Reese</u>, 208 F.3d at 739. Viewing the evidence in the light most favorable to the non-moving party, Plaintiff has submitted sufficient evidence to establish a triable issue of fact as to whether Defendant's response to her complaints constituted deliberate indifference.

In response to Plaintiff's initial complaints, Principal Campbell called Plaintiff's mother and arranged to meet with Plaintiff, Plaintiff's mother, and Ms. Chaffin later in the week. (Dkt. No. 20 at 22-25, 26-28.) Plaintiff testified that at the meeting, Campbell told Plaintiff and her mother that she would look into the complaints, would do everything she could to remove Plaintiff from the class, would meet with and warn Wysen, and would follow up with Plaintiff and her mother. (<u>Id.</u> at 27.)

Plaintiff testified that Campbell did not remove her from the classroom and did not follow up with her about her complaints. (<u>Id.</u> at 26-28.) Plaintiff testified that she next saw

---

[1] This is particularly disturbing as it appears that Plaintiff's deposition was taken and the brief written by the same counsel.

1  Campbell in the hallway about a week after their meeting, and Campbell then asked her "how it
2  was going." (Id.) Plaintiff testified that she responded that "it was getting worse," but Campbell
3  asked no follow-up questions and took no further action. (Id.) Plaintiff testified that she again
4  saw Campbell during passing period about a week later, and again reiterated her complaints, this
5  time telling Campbell that Wysen "had become more physical." (Id.) Plaintiff testified that
6  Campbell again asked no further questions and did not follow up with her about her complaints.
7  (Id.)

8       Defendant argues Campbell responded reasonably to Plaintiff's "vague" complaints
9  because she met with and cautioned Wysen, and because she "increased visits to the class."
10 (Dkt. No. 16 at 12.) Observing nothing suspicious during her investigation, Defendant argues,
11 Campbell reasonably concluded that no further action was necessary. (Id.) Campbell testified
12 that she responded to Plaintiff's complaints by meeting with Wysen, and that she "immediately
13 began visiting the classroom to investigate the environment," visits which occurred "at least once
14 a day." (Dkt. No. 20 at 83.) However, Campbell also testified that even before Plaintiff
15 complained, "there was not a day that went by that [she] didn't visit every classroom in [her]
16 school." (Id.) Therefore, it is unclear from her deposition whether Campbell "began" visiting
17 the classroom to investigate Plaintiff's complaints or whether it had always been her practice to
18 visit every classroom every day.

19      Defendant contends Davis v. DeKalb Cnty. Sch. Dist., 233 F.3d 1367 (11th Cir. 2000), is
20 instructive on what constitutes deliberate indifference as a matter of law and should guide this
21 Court to a finding of no deliberate indifference here. (Dkt. No. 16 at 8-9.) In DeKalb, however,
22 the principal went far beyond the actions taken by the administrators here. In addition to having
23 two separate administrators investigate the complaint and personally meeting with the teacher,
24

the DeKalb principal also removed the complaining student from the class, forbade the teacher from being alone with female students, followed up more than once with the complaining student, and monitored the teacher for any indiscretions.  Here, Principal Campbell met with R.P. and her mother, met with Wysen, and investigated the complaint by shifting her preexisting class visitation schedule to coincide with the period in which R.P. was in Wysen's classroom.  Principal Campbell did not remove Plaintiff from the classroom, did not follow up with Plaintiff about her complaint, and took no further investigative action.  DeKalb is easily distinguishable.

Finally, Defendant argues it cannot be liable because "Title IX liability hinges on harassment occurring as a result of deliberate indifference, thus there must be an allegation of harassment occurring subsequent and resulting from that deliberate indifference." (Dkt. No. 16 at 13) (emphasis in original).  Plaintiff testified that several days after she and her mother met with Campbell and Chaffin to discuss Plaintiff's complaints, Wysen again inappropriately touched her. (Dkt. No. 20 at 35.) Plaintiff testified that during that incident, Wysen pinned Plaintiff against a door with his body, again with his crotch area touching hers, and she felt that he was aroused. (Id. at 34-35.) Viewing the evidence in the light most favorable to Plaintiff, this harassment occurred subsequent to and resulted from Defendant's choice not to remove Plaintiff from the classroom after the initial meeting or to take any other remedial action.

The Court is unable to conclude as a matter of law that Defendant's response was not clearly unreasonable.  Viewing the evidence in the light most favorable to the non-moving party, Defendant has not met its burden of demonstrating the absence of a genuine issue of fact as to whether Defendant's response to known harassment and assault constituted deliberate indifference.

## Conclusion

Plaintiff has presented evidence that Defendant had actual notice of sexual harassment and assault, including physical touching, by a teacher, yet took no real corrective action in attempt to address Plaintiff's complaints. Whether Defendant had actual knowledge of the severity of the harassment and assault now alleged and whether it responded with deliberate indifference to Plaintiff's complaints are questions for the jury. Defendant's motion for partial summary judgment is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of January, 2015.

Marsha J. Pechman
Chief United States District Judge